Donald C. **FRABLE**, Plaintiff,

v.

**SYNCHRONY BANK**, Defendant.

**Case No. 16-cv-0559 (DWF/HB)**

United States District Court,
D. Minnesota.

Signed October 17, 2016

Thomas J. Lyons, Jr, Consumer Justice Center P.A., Vadnais Heights, MN, for Plaintiff.

Aaron B. Chapin, Reed Smith LLP, Chicago, IL, for Defendant.

## ORDER

HILDY BOWBEER, United States Magistrate Judge

This matter came before the Court for a hearing on October 14, 2016, on Defendant Synchrony Bank's Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals [Doc. No. 19]. Defendant moves for an order staying this case pending a decision in *ACA International v. FCC*, Case No. 15–1211 (D.C. Cir.). For the reasons set forth below, the motion is granted, with the exception of the previously-scheduled settlement conference on Monday, October 24, 2016. With the agreement of the parties, the Court will convene the settlement conference, as ordered. (*See* Second Am. Order for Settlement Conference [Doc. No. 26].)

## I. Background

### A. Allegations in the Complaint

Plaintiff Donald C. Frable brings suit under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, alleging that Defendant Synchrony Bank placed calls to his cellular telephone, without his consent, using an automatic telephone dialing system (ATDS). (*See* Compl. ¶ 1 [Doc. No. 1].) In April 2014, Plaintiff fell behind on his monthly payments on a JC Penney credit card account. (*Id.* ¶ 19.) His account was assigned to Defendant, which Plaintiff al-

leges "embarked upon a sustained and incessant three-month collection mission whereby it repeatedly and willfully contacted Plaintiff's cellular telephone number . . . without his consent, using one or more automatic telephone dialing system[s] on at. least thirty (30) different occasions, in violation of the TCPA." (*Id.* ¶ 22.) Plaintiff allegedly received several calls with a recorded message stating: "This is an important message from GE Capital Retail Bank regarding JC Penney credit services . . . ." (*Id.* ¶¶ 31-32.) He also received automated voicemail messages with similar language. (*Id.* ¶ 34.) Plaintiff alleges that Defendant's system falls under the definition of ATDS in 47 U.S.C. § 227(a)(1). (*Id.* ¶ 29.) He also alleges that Defendant's "ATDS has the. capacity to store or produce telephone numbers to be called, using a random or sequential number generator." (*Id.* ¶ 40.)

Based on the above allegations, Plaintiff brings a claim for negligent violation of the TCPA, a claim for knowing and/or willful violation of the TCPA, and a claim for invasion of privacy. (*Id.* ¶¶ 52-67.)

### B. Procedural History

This case was filed on March 3, 2016. Pursuant to a recently-granted joint motion to extend discovery, the period for fact discovery ends on November 22, 2016. [Doc. Nos. 27, 29.] Dispositive motions must be filed, served, and scheduled by January 17, 2017, and the trial-ready date is June 19, 2017. [Doc. No. 14.]

Defendant filed the motion to stay proceedings on September 27, 2016. A settlement conference is scheduled before the undersigned on Monday, October 24, 2016.

### II. Discussion

Defendant moves for an order staying this case pending a decision in *ACA International v. FCC*, Case No. 15–1211 (D.C. Cir.). According to Defendant, whether it used an ATDS—as that term is defined under the TCPA—is directly at issue in this case, particularly, whether its equipment had the *capacity* "to store or produce telephone numbers to be called, using a random or sequential number generator." (Def.'s Mem. Supp. Mot. Stay at 9 [Doc. No. 21] (quoting 47 U.S.C. § 227(a)(1)).)

The TCPA defines an ATDS as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). One of the issues in *ACA International* is whether the statutory term "capacity" means the "present ability" or "current capacity" of the equipment at the time the calls were made, or the "future ability" or "potential capacity" to generate and dial random or sequential numbers. *See* Resp'ts' Br. at 4, 6, 15, 24, *ACA Int'l v. FCC*, No. 15–1211, 2016 WL 194146 (D.C. Cir. Jan. 15, 2016).[1] Defendant contends that if the D.C. Circuit decides that "capacity" means the "present capacity" of the equipment at the time the calls were made, and not the "future capacity" of the equipment, Defendant will be absolved from liability because its system lacks such "present capacity." Defen-

---

1. In a July 2015 declaratory ruling and order, the FCC interpreted "capacity" to include a system's future ability. *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 F.C.C. Rcd. 7961, 7974 (2015). Believing this definition to be overbroad, ACA International and other entities filed petitions for review in several circuit courts of appeals. *See* ACA Int'l Am. Pet. Rev., *ACA Int'l v. FCC*, No. 15–1211 (D.C. Cir. July 13, 2015). The petitions were consolidated into *ACA International v. FCC*, Case No. 15–1211 (D.C. Cir.). *See* Docket, *ACA Int'l v. FCC*, No. 15–1211 (D.C. Cir.). Briefing in that matter was completed on March 1, 2016, and oral argument is scheduled for October 19, 2016. *See* Docket, *ACA Int'l v. FCC*, No. 15–1211 (D.C. Cir.).

dant argues, therefore, that this Court should stay the proceedings before it until the D.C. Circuit decides that question.

 "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). "A district court has broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). Relevant factors include the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay. *Edens v. Volkswagen Grp. of Am., Inc.*, No. 16–cv–0750 (WMW/LIB), 2016 WL 3004629, at *1–2 (D. Minn. May 24, 2016) (citations omitted). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).

Several courts in other districts have stayed similar actions pending the decision in *ACA International*. Relevant considerations cited by those courts include the following: (1) the definition of an ATDS is a threshold issue for liability and would determine the scope of discovery; (2) a stay would conserve judicial resources, clarify the law, and aid the court in making a decision on the merits; (3) the plaintiff would not be prejudiced by a stay; (4) a stay would reduce the burden of litigation on the parties; (5) the *ACA International* appeal was not likely to remain pending for long, considering that briefing is complete and oral argument scheduled; and (6) absent a stay, the defendant would suffer hardship in conducting discovery and preparing for trial. *See, e.g., Coatney v. Syn-chrony Bank*, No. 6:16–cv–389–Orl–22TBS, 2016 WL 4506315, at *2 (M.D. Fla. Aug. 2, 2016); *Rose v. Wells Fargo Advisors, LLC*, No. 1:16–CV–562–CAP, 2016 WL 3369283, at *2 (N.D. Ga. June 14, 2016).

Other courts, however, have declined to issue a stay pending the *ACA International* decision. The reasons given by those courts include the potential for a lengthy delay, no genuine hardship or inequity to the defendant, the necessity for discovery regardless of the outcome, the "fair possibility" of harm to the plaintiff in conducting meaningful discovery, and the fact that the D.C. Circuit's ruling would not resolve all issues in the case. *See, e.g., Konopca v. Ctr. for Excellence in Higher Educ., Inc.*, No. Civ. 15–5340 (FLW)(DEA), 2016 WL 4644461, at *2–3 (D.N.J. Sept. 6, 2016) *Edwards v. Oportun, Inc.*, No. 16–cv–00519–EDL, 193 F.Supp.3d 1096, 1100–03, 2016 WL 4203853, at *4–6 (N.D. Cal. June 14, 2016).

 Based on the specific circumstances of this case and the arguments advanced by the parties, the Court finds here that a stay is warranted. First, the stay will be relatively short in duration. Briefing in *ACA International* is complete, and oral argument will be held later this week, on October 19, 2016. Although the Court cannot predict when the D.C. Circuit will rule, it will likely be no more than a few months. In addition, Defendant asks to stay this case only until the D.C. Circuit Court of Appeals issues its decision, not through any appeal to the U.S. Supreme Court. (*See* Def.'s Mot. Stay at 1 [Doc. No. 19].)

Second, both parties could incur unnecessary litigation fees and expenses if a stay is not granted. Although the parties have conducted some written discovery, other discovery remains to be completed, including depositions, which could be rendered moot or altered in scope if the D.C.

Circuit Court of Appeals rejects the FCC's interpretation of "capacity." Moreover, given the timing of the October 2016 oral argument in *ACA International* decision and the January 2017 dispositive motion deadline in this case, it is quite possible that the D.C. Circuit will issue its opinion while the parties are briefing a summary judgment motion or after the motion is taken under advisement by the District Judge. In that event, the parties might need to conduct additional discovery or submit a second round of briefing and/or oral argument. Thus, a stay will not only potentially conserve the resources of the parties, but also the resources of the Court.

 Third, for the reasons set forth in the preceding paragraph, a stay would help streamline the legal issues and focus discovery. Although Plaintiff questions whether the forthcoming *ACA International* opinion would be binding on this Court, if the D.C. Circuit rejects the FCC's interpretation of the term "capacity," precedent suggests this Court would follow it. Federal district courts lack jurisdiction to review final orders of the FCC. *See FCC v. ITT World Commc'ns, Inc.,* 466 U.S. 463, 468, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984). The federal courts of appeals have exclusive jurisdiction to review such orders. 28 U.S.C. § 2342(1) ("The court of appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all final orders of the Federal Communications Commission."). When multiple petitions for review of an FCC final order are filed in several circuit courts of appeals, and are consolidated and assigned to a single circuit, that court is "the sole forum for addressing . . . the validity of the FCC's rules." *MCI Telecommc'ns Corp. v. U.S. W. Commc'ns,* 204 F.3d 1262, 1267 (9th Cir. 2000) (quoting

*GTE S., Inc. v. Morrison,* 199 F.3d 733, 743 (4th Cir. 1999)). Should the D.C. Circuit reject the FCC's interpretation of "capacity" and find that the term is limited to "present ability" or "current capacity," federal district courts would be more likely to follow the D.C. Circuit's decision than an invalidated FCC order.

Plaintiff submits that, instead of following the impending *ACA International* decision, this Court would likely rely on two decisions by the Ninth Circuit Court of Appeals—*Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012), and *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946 (9th Cir. 2009)— consistent with prior authority from this District. But the District of Minnesota cases cited by Plaintiff did not rely on *Meyer* and *Satterfield* to define "capacity." *See Steinhoff v. Star Tribune Media Co.,* No. 13–cv–1750 (SRN/JSM), 2014 WL 1207804 (D. Minn. Mar. 24, 2014) (citing *Meyer* in discussion of term "prior express consent"); *Smith v. Securus Techs.,* 120 F.Supp.3d 976 (2015) (citing *Meyer* for general standard of a willful violation of TCPA); *Wright v. Target Corp.,* Case No. 14–cv–3031 (SRN/HB), 2015 WL 8751582 (D. Minn. Dec. 14, 2015) (same). In addition, *Satterfield* and *Meyer* did not decide the issue in *ACA International,* that is, whether the term "capacity" means the present capacity of the equipment at the time the calls were made, or the future capacity of the equipment.

Fourth and finally, Plaintiff has shown no real threat of prejudice. According to Defendant's counsel at the motion hearing, Defendant has provided all account-specific information to Plaintiff, and a litigation hold is in place. Plaintiff did not disagree. There is an apparent an issue of fact concerning whether Plaintiff consented to be contacted on his cellular telephone, but even if that issue is not rendered moot by

the decision in *ACA International*, Defendant will rely on existing records to establish its position. Plaintiff will rely in part on his own testimony to support his argument that he did not provide consent, and thus it is unlikely that a delay of a few months would prejudice him.

In sum, the Court finds that the relevant factors weigh in favor of staying this case until the D.C. Circuit Court of Appeals issues a decision in *ACA International v. FCC*, Case No. 15–1211 (D.C. Cir.).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Synchrony Bank's Motion to Stay Proceedings Pending Ruling by the D.C. Circuit Court of Appeals [Doc. No. 19] is **GRANTED**;

2. This case is stayed until the D.C. Circuit Court of Appeals issues a decision in *ACA International v. FCC*, Case No. 15–1211 (D.C. Cir.), with the exception of the previously-scheduled settlement conference on Monday, October 24, 2016, which will convene as ordered;

3. Defendant must file on CM-ECF a letter update to the Court within ten days of the D.C. Circuit Court of Appeals' decision in *ACA International v. FCC*, Case No. 15–1211; and

4. In any event, the parties must file on CM-ECF a joint status report within 120 days of the date of this Order.