Israel GARCIA, individually and on behalf of a class of similarly situated individuals, Plaintiff,

v.

**TARGET CORPORATION, a Minnesota corporation, Defendant.**

Civ. No. 16–2574 (MJD/BRT)

United States District Court, D. Minnesota.

Signed 11/03/2016

Even M. Meyers, Esq., Myles McGuire, Esq., and Yevgeniy Y. Turin, Esq., McGuire Law, P.C.; Robert K. Shelquist, Esq., Lockridge Grindal Nauen PLLP, counsel for Plaintiff.

Brian Melendez, Esq., Dykema Gossett PLLC, counsel for Defendant.

## ORDER

BECKY R. THORSON, United States Magistrate Judge

This matter is before the Court on Defendant Target Corporation's ("Target") Motion for Stay pending the decision in *ACA International v. Federal Communications Commission*, No. 15–1211 (D.C. Cir. filed July 10, 2015). (Doc. No. 37.) The Court held a hearing on Target's motion on October 24, 2016, during which counsel for both sides offered oral argument. (Doc. No. 54.) For the reasons detailed below, Target's Motion for Stay is **GRANTED** consistent with the provisions in this Order.

## BACKGROUND

Plaintiff Israel Garcia ("Garcia"), individually and on behalf of a class of similarly situated individuals, sued Target under the Telephone Consumer Protection Act ("TCPA"). The TCPA prohibits a caller from using an automated telephone dialing system ("ATDS") to place non-emergency calls to a cellular telephone number without the prior express consent of the "called party." 47 U.S.C. § 227(b)(1)(A)(iii). Garcia alleges that Target violated the TCPA by "making unauthorized automated telephone calls using an ATDS ('robocalls') to the cellular telephones of individuals throughout the nation." (Doc. No. 1, Compl. ¶ 1). Target acknowledges placing some of the calls, but asserts that it was attempting to contact a cellular subscriber who had given prior consent to receive such calls—not Garcia. (*See* Doc. No. 39, Def.'s Mem. of Law in Supp. of Mot. for Stay ("Def.'s Mem.") 1, 10.) Target claims that when it placed the calls, it did not know that the cellular telephone number had been reassigned to Garcia. (*Id.*)

According to Target, "[t]he key question in this action is whether Target can be held liable for calling Mr. Garcia's number in an attempt to communicate with a Target accountholder who had applied for a Target credit card using that same number, which was later reassigned to Mr. Garcia without Target's knowledge." (Def.'s. Mem. 1.) The answer to that question hinges on the definition of "called party." On July 10, 2015, the Federal Communications Commission ("FCC") ruled that "called party" is defined as follows:

> [T]he "called party" is the subscriber, *i.e.*, the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan. Both such individuals can give prior express consent to be called at that number.[1] Thus, with the limited exception discussed below,[1] calls to reassigned wireless numbers violate the TCPA when a previous subscriber, not the current subscriber or customary user, provided the prior express consent on which the call is based.

(Doc. No. 52, Decl. of Eugene Y. Turin in Supp. of Pl.'s Mem. ("Turin Decl.") ¶ 2, Ex. A at ¶ 73.) Under the FCC's definition, "Target's defense to Mr. Garcia's claim falls, and Target is strictly liable for calls to Mr. Garcia's number after that number was reassigned to him." (Def.'s Mem. 10.)

But the FCC's ruling on the definition of "called party" is now under review in the United States Court of Appeals for the District of Columbia Circuit in *ACA International v. Federal Communications Commission*, No. 15–1211 (D.C. Cir. filed July 10, 2015).[1] Briefing on the petitions is complete and oral argument was heard by the D.C. Circuit on October 21, 2016.

## TARGET'S MOTION TO STAY

Target moves this Court to stay this action pending the D.C. Circuit's decision in *ACA International v. Federal Communications Commission*, No. 15–1211 (D.C. Cir. filed July 10, 2015). Specifically, Target contends that the D.C. Court of Appeals may overrule or vacate the FCC's interpretation of the term "called party" as used in the TCPA, to mean "actual recipient" or the current cell-phone subscriber and not the "intended recipient" of a call. (Def.'s Mem. 4, 9–10; *see* Turin Decl. ¶ 2, Ex. A (FCC Order) at ¶¶ 74, 78.) Target requests a stay so the Court can benefit from the D.C. Circuit's ruling, arguing that a ruling could be dispositive of this case or—at the very least—conserve resources and simplify the issues without prejudicing Garcia. (Def.'s Mem. 10–12.)

Garcia, however, contends that the FCC's decision is unlikely to be disturbed. (Doc. No. 51, Pl.'s Mem. in Opp'n ("Pl.'s Mem.") 2, 8–12.) Garcia cites nine cases from across the country that have recently denied motions for stays pending a decision by the D.C. Circuit on the definition of "called party" that is at issue in this case. (*Id.* at 17.) He also asserts that his case is not in the early stages and argues that a stay is prejudicial. (*Id.* at 15–16.) He contends that he and the putative class will

suffer harm from a stay, including loss of third-party evidence from the passage of time. (*See id.* at 12–14; *see also* 10/24/16 Hrg.) He also fears that Target will move for a further stay following the D.C. Circuit's decision. (Pl.'s Mem. 13.)

Garcia originally filed this case in the Southern District of Florida on February 27, 2016. (Doc. No. 1.) The case was transferred to the District of Minnesota on July 28, 2016. (Doc. No. 24.) A Protective Order is in place (Doc. No. 49), a Pretrial Scheduling Order was adopted (Doc. No. 36), and the parties have participated in discovery. (Pl.'s Mem. 15.) While fact discovery is not complete, the parties appear to agree that the remaining fact discovery—including discovery relating to class certification—will not be difficult. (*See id.* at 15–16.) Under the current Pretrial Scheduling Order, motions seeking to join other parties and amend the pleadings are due December 16, 2016 (Doc. No. 36, 9/19/16 Pretrial Scheduling Order 4); initial expert reports are due February 17, 2017 (*id.* at 3); fact discovery must be completed by April 28, 2017 (*id.* at 2); non-dispositive motions must be filed and served by May 17, 2017 (*id.* at 4); motions to certify a class are due June 5, 2017 (*id.* at 6); dispositive motions are due September 11, 2017 (*id.*); and the trial ready date is January 22, 2018. (*Id.* at 9.)

## ANALYSIS

▆ Whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion. *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936);

---

1. The consolidated case on review involves challenges to a FCC order interpreting several provisions of the TCPA. (*See generally* Turin Decl. ¶ 2, Ex. A ("the FCC Order").) Under the Administrative Orders Review Act ("Hobbs Act"), 28 U.S.C. § 2342(1), the Fed-

eral Court of Appeals has exclusive jurisdiction over final orders issued by the FCC. *See FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984).

*Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). "[T] he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Emerson Elec. Co. v. Black & Decker Mfg. Co.*, 606 F.2d 234, 237 n.6 (8th Cir. 1979) (*quoting Landis*, 299 U.S. at 254, 57 S.Ct. 163).

Each party presents non-binding authority generated by courts across the country either in support of or against indefinite stays of similar actions involving the TCPA pending the ruling by the D.C Circuit. Neither party, however, had the benefit of an October 17, 2016 decision in *Frable v. Synchrony Bank*, 215 F.Supp.3d 818 (D. Minn. 2016), granting a stay in a District of Minnesota case pending the *ACA International* decision. In *Frable*, Magistrate Judge Hildy Bowbeer stayed a TCPA case pending the *ACA International* decision. While the issue in *Frable* involves a different TCPA term ("capacity" versus "called party"), the same analysis applies on the issue of a stay pending an appeal at the D.C. Circuit. As Magistrate Judge Bowbeer discussed in her order, other courts considering whether to stay a case pending the decision in *ACA International* considered a number of factors, including:

- the effect of the decision on the scope of discovery;
- whether a stay would conserve judicial resources, clarify the law, and aid in the court in making a decision on the merits;
- whether a stay would prejudice the plaintiff;
- whether a stay would reduce the burden of litigation on the parties;
- the anticipated length of the stay; and
- absent a stay, whether the defendant would suffer hardship.

*Frable*, 215 F.Supp.3d at 821. The factors discussed in *Frabel* are consistent with the standard factors weighed in this District on a motion to stay proceedings based on the outcome of other cases on appeal. Those factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *see Robinson v. Bank of America*, No. 11-2284 (MJD/LIB), 2012 WL 2885587, *1 (D. Minn. July 13, 2012) (including likelihood of success on the merits and prejudice to the parties as factors to consider on a motion to stay proceedings based on the outcome of unrelated cases on appeal) (citing *Hilton*, 481 U.S. at 776, 107 S.Ct. 2113). Other "[f]actors relevant to the district court's consideration when determining whether to stay proceedings include maintaining control of its docket, conserving judicial resources, and providing for the just determination of cases pending before the court." *Edens v. Volkswagen Group of Am., Inc.*, No. 16-cv-0750 (WMW/LIB), 2016 WL 3004629, at *1 (D. Minn. May 24, 2016) (citing *Kemp v. Tyson Seafood Grp., Inc.*, 19 F.Supp.2d 961, 964–65 (D. Minn. 1998)).

Applying the factors, a stay in this case is warranted. First, a stay may simplify disputed issues and conserve judicial recourses, clarify the law, and aid the Court in making a decision on the merits. As Target concedes, Target's liability may be clear following the D.C. Circuit's decision. Following the stay, the scope of remaining discovery, including fact and expert discovery, will be better guided. Arguments relating to motions for class certification or other dispositive

motions can be better crafted following the D.C. Circuit's review.

In addition, Garcia will not be unduly prejudiced by the stay. Garcia's concern about the preservation of evidence can be addressed, even with a stay. Target is already on notice that it must preserve relevant evidence. Moreover, pursuant to the Pretrial Scheduling Order, the parties have discussed the scope of discovery, including relevance and proportionality. (*See* Doc. No. 36, Pretrial Scheduling Order 2.) To the extent Garcia believes third parties must preserve evidence, Plaintiff's counsel may serve Rule 45 third-party subpoenas no later than November 30, 2016, along with a copy of this Order on third-party witnesses. While any response from the

third parties will be stayed, third parties will be on notice of any obligation to preserve evidence.

Both sides agree that a decision out of the D.C. Circuit should issue in a matter of months, now that the briefing is closed and oral argument heard. This case is in the early stages, with several months of discovery left before any merits-related motions are due. Target has made clear that it does not seek a stay through any further appeal to the United States Supreme Court.[2] At the hearing on Target's motion for a stay, Target confirmed that its motion sought a stay only until the D.C. Circuit issued its decision in *ACA International*. Accordingly, unlike the circumstances in the cases cited by Plaintiff, a stay is not indefinite.[3] If this case does not

---

**2.** Target states, "If a stay is entered and the D.C. Circuit upholds the Order, then this case can pick up where it left off." (Def.'s Mem. 10.) It later states in a parenthetical, however, that "[i]f it appears that the *ACA International* case is headed for further review in the Supreme Court, then the Parties and the Court can revisit the stay's scope at that time." (*Id.* at 12.) But it reiterates that "[f]or the time being, Target seeks a stay only until the D.C. Circuit rules." (*Id.*)

**3.** Each of the nine cases cited by Garcia denying a stay pending a decision by the D.C. Circuit cited concerns about the uncertainty of the D.C. Circuit's review or U.S. Supreme Court appeal. *See Konopca v. Ctr. For Excellence in Higher Educ., Inc.*, No. 15-5340 (FLW)(DEA), 2016 WL 4644461, at *2 (D. N.J. Sept. 6, 2016) ("However, the delay here could be substantial. As noted by one court in addressing a motion similar to the instant motion, 'the D.C. Circuit is unlikely to be the final step in the litigation over the FCC's 2015 Omnibus Order. Whichever party is unsuccessful in that court is almost certain to appeal to the Supreme Court. Thus, even the most optimistic estimate of the time required for a decision from the D.C. Circuit significantly understates both the delay a stay might engender and the concomitant prejudice to Plaintiff.'" (quoting *Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016)); *Silwa v. Bright House Networks*, No. 2:16–cv–235–FtM–

29MRM, 2016 WL 3901378, at *4 (M.D. Fla. July 19, 2016) ("[T]here is no indication of when the D.C. Circuit will hear oral argument in ACA International, let alone issue an opinion."); *Edwards v. Oportun, Inc.*, 193 F.Supp.3d 1096, 1101 (N.D. Cal. 2016) (noting that "oral argument has still not been scheduled" in *ACA International* ); *Jones v. AD Astra Recovery Servs., Inc.*, No. 16-1013-JTM-GEB, 2016 WL 3145072, at *3 (D. Kan. June 6, 2016) ("Briefing on the petitions is complete, but the Circuit has yet to schedule oral argument."); *Konopca v. Comcast Corp.*, No. 15-6044, 2016 WL 1645157, at *2 (D. N.J. Apr. 26, 2016) ("A review of the docket shows that briefing was completed February 24, 2016, but it does not appear a date for oral argument has been set."); *Schwyhart v. AmSher Collection Servs., Inc.*, 182 F.Supp.3d 1239, 1243 (N.D. Ala. 2016) ("In addition, there is always the possibility that the D.C. Circuit's decision will be appealed to the Supreme Court, adding a further layer of indefinite—and perhaps lengthy—delay were a stay to be granted here."); *O'Hanlon v. 24 Hour Fitness USA, Inc.*, No. 15-cv-01821-BLF, 2016 WL 815357, at *2 (N.D. Cal. Mar. 2, 2016) ("Defendant has not indicated when the consolidated appeal is set for argument, nor has it indicated when a decision from the D.C. Circuit is anticipated"); *Rivera v. Exeter Fin. Corp.*, No. 15-cv-01057-PAB-MEH, 2016 WL 374523, at *2 (D. Colo. Feb. 1, 2016) ("Here, Defendant seeks to stay discovery in this matter indefinitely (or, pending a decision in the

resolve and continues following the stay, the scheduling order can be promptly amended to ensure the just, speedy, and inexpensive determination of this action consistent with Rule 1 of the Federal Rules of Civil Procedure.

As the parties acknowledge, the D.C. Circuit is required to give deference to the FCC's interpretation of the TCPA statutory language at issue. Based on this deference, the Court concludes that the likelihood of success on the merits factor weighs in Garcia's favor. However, this Court cannot fully predict what the D.C. Circuit will rule in this instance. And this factor is the only factor that weighs in Garcia's favor. All of the other factors, including the strong interest in providing for a just determination of the Court's cases, weigh in favor of a stay. Therefore, this Court finds that a limited stay until the D.C. Circuit issues its decision in *ACA International* is appropriate.

### ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Target's Motion for Stay (Doc. No. 37) is **GRANTED** consistent with the provisions in this Order;

2. Plaintiff may (but is not required to) serve third-party subpoenas to request documents by **November 30, 2016**, along with a copy of this Order to any third-party witnesses. Any response to such third party discovery is stayed;

3. Defendant must notify the Plaintiff and the Court of the D.C. Circuit's decision in *ACA International v. Federal Communications Commission*, No. 15–1211 (D.C. Cir. filed July 10, 2015), within **7 days** of its decision, and the parties must

D.C. Court of Appeals and maybe a decision by the United States Supreme Court)."); *Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-

submit a joint status report to the Court within **14 days** after the decision;

4. If *ACA International v. Federal Communications Commission*, No. 15–1211 (D.C. Cir. filed July 10, 2015), is not decided by September 1, 2017, a status conference will be held on **September 15, 2017**.

JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) (noting that "oral argument has not yet been scheduled" in *ACA International* ).